**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

COREY K. JONES                                                                                              PLAINTIFF
ADC #180289

v.                                               4:24-cv-00454-LPR-JJV

J. WEEKLY, C.O or Sgt.
Cummins Unit, Restrictive Housing; *et al.*                                                         DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.     DISCUSSION**

Corey K. Jones ("Plaintiff") is a prisoner in the Cummins Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants are failing to protect him from harm in violation of the Eighth Amendment. (Doc. 2.) Specifically, Plaintiff says in March 2024, Defendants Weekly, Gun, Anderson, and Moore distributed confidential and partially "fabricated" paperwork from Plaintiff's prison file saying he had been involved in "homosexual activity" and "snitched" on prisoners for using cell phones at other ADC Units. (*Id*. at 6-9.) As a result, Plaintiff believes he is in danger of being harmed by all inmates at all ADC Units and that the only way to properly protect him from harm is to

1

permanently house him in protective custody or transfer him to a California prison. Nevertheless, Plaintiff says Defendants Deputy Warden Pierce and Classification Officer Wood have refused to house him in protective custody, ordered him to return to general population, and issued him several disciplinaries for refusing to leave his one-man cell in restrictive housing.

However, Plaintiff admits in his Complaint that he has not exhausted his administrative remedies regarding this failure to protect claim. (Doc. 2 at 4.) The Prison Litigation Reform Act ("PLRA") requires a prisoner to fully exhaust administrative remedies in compliance with the incarcerating facility's rules before filing a lawsuit in federal court. *See* 42 U.S.C. § 1997e(a); *Muhammad v. Mayfield*, 933 F.3d 993, 1001 (8th Cir. 2019); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). While failure to exhaust is usually an affirmative defense "inmates are not required to specially plead or demonstrate" in their complaints, a court may dismiss a prisoner's § 1983 claim *sua sponte* when it is clear from the face of the complaint the proposed claim has not been exhausted. *Jones v. Bock*, 549 U.S. 199, 214-16 (2007); *see also Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682-83 (4th Cir. 2005).

In addition to admitting he has not exhausted his administrative remedies, Plaintiff has attached to his Complaint a copy of the informal resolution he filed on May 3, 2024, which was twenty-days before he filed this lawsuit. (Doc. 2 at 11.) The problem is that informal resolution does not raise the failure to protect claim Plaintiff is bringing in this lawsuit nor does it mention any of the Defendants by name. *See Burns v. Eaton,* 752 F.3d 1136, 1141 (8th Cir. 2014) (improper exhaustion when the "ADC was not asked to evaluate the conduct" of the defendant "or the distinct § 1983 claims first asserted" in the lawsuit). And Plaintiff did not complete all three steps of the ADC's grievance procedure before he filed his lawsuit as required by the PLRA. *See Johnson v.*

*Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("an inmate must exhaust administrative remedies before filing suit in federal court.... If exhaustion was not completed at the time of filing, dismissal is mandatory"); *Harris v. Kemna*, No. 05-2746, 2005 WL 3159569 (8th Cir. Nov. 29. 2005) (same).

Plaintiff says he was unable to do so because prison officials refused or failed to respond to the informal resolution. But it is well settled the ADC's grievance procedure allows prisoners to proceed to the next step of the process, without a response, in such instances. *See Crowley v. Nailor*, No. 19-1293, 2019 WL 5691881 (8th Cir. Nov. 4, 2019); *Williams v. Horner*, Case No. 11-3327, 2012 WL 1292887 (8th Cir. April 17, 2012). Finally, Plaintiff says he should be excused from the exhaustion requirement because he is in danger and the situation is an emergency. But there is no such exception to the PLRA's exhaustion requirement. *See McAlphin v. Toney*, 375 F.3d 753, 754 (8th Cir. 2004). And I note Plaintiff did not complete the portion of the informal resolution form indicating it was an "emergency grievance," which expedites the process. (Doc. 2 at 11.)

Because it is clear from the face of Plaintiff's Complaint that he has not properly completed the exhaustion process, I recommend this case be dismissed without prejudice as prematurely filed so that Plaintiff may properly and fully exhaust his administrative remedies. *See, e.g., Coley v. Neal, No*. 2:23-cv-00222-BSM-PSH, 2024 WL 36792 (E.D. Ark. Jan. 3, 2024) (E.D. Ark. July 13, 2023) (dismissing a case during screening when it was clear from the face of the complaint the plaintiff had not fully exhausted his administrative remedies); *Sherman v. Perkins,* No. 4:23-cv-500-BSM-ERE, 2023 WL 5255967 (E.D. Ark. July 13, 2023) (same); *Pitts v. Bennett*, No. 2:23CV00084-DPM-JTK, 2023 WL 3829456 (E.D. Ark. Apr. 17, 2023) (same); *Stockton v. Page*, No. 4:23-cv-00007-JM-ERE, 2023 WL 1927483 (E.D. Ark. Jan. 26, 2023) (same). Plaintiff may perceive that recommendation as harsh. But the exhaustion requirement serves the important

3

purpose of giving the prison the first opportunity "to address complaints about the program it administers before being subjected to suit." *Jones*, 549 U.S. at 219.

## II.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 31st day of May 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE